USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/12/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

DANTE THATCHER,

               Petitioner,

   -against-

JAMIE LaMANNA, et al.,

               Respondent.

18-cv-1666 (NSR) (LMS)

OPINION & ORDER

-----------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

Petitioner, Dante Thatcher ("Petitioner"), proceeding *pro se*, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction to Second Degree Murder (N.Y. Penal Law § 125.25(3)) as a result of a guilty plea in New York State Supreme Court, Westchester County. Respondents moved to dismiss the petition as untimely. Petitioner opposed the motion. Currently pending before the Court is a Report and Recommendation ("R&R") issued by Magistrate Judge Lisa Margaret Smith ("MJ Smith") pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), recommending that Respondents' motion be granted and the petition be dismissed. For the following reasons, the Court adopts the R&R, grants the motion to dismiss, and dismisses the petition.

## BACKGROUND

The Court presumes familiarity with the factual and procedural background of this case, the underlying criminal proceeding, and Petitioner's collateral state challenges.

Following Petitioner's conviction, his appellate counsel filed an *Anders* brief stating that there were no non-frivolous issues for appeal. See *Anders v. California*, 386 U.S. 738, 744 (1967). On December 11, 2013, the New York State Supreme Court, Appellate Division,

1

Second Department, affirmed Petitioner's conviction. *People v. Thatcher*, 112 A.D.3d 760 (2d Dept. 2013). Petitioner did not seek leave to appeal the decision to the New York State Court of Appeals. Thereafter, Petitioner filed an application for a writ of error *coram nobis* with the New York State Supreme Court, Appellate Division, Second Department, wherein he alleged he was denied effective appellate counsel. The appellate court denied Petitioner's appeal and determined he did not establish he was denied effective counsel. *People v. Thatcher*, 164 A.D.3d 619 (2d Dept. 2018). Petitioner was subsequently denied leave to appeal to the New York State Court of Appeals on December 14, 2018. *People v. Thatcher*, 32 N.Y.3d 1129 (2018).

**STANDARDS OF REVIEW**

**I. Habeas Petition**

"Habeas review is an extraordinary remedy." *Bousley v. United States*, 523 U.S. 614, 621 (1998). To be granted a writ of habeas corpus from a federal district court, a petitioner must comply with the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. The AEDPA imposes a one-year limitation period on federal petitions. 28 U.S.C. § 2254(d)(1). A state post-conviction or collateral review action which is filed after the one-year limitations period has expired does not reset the clock. *See Lopez v. Lee*, No. 11–CV–2706 (JG), 2011 WL 6068119, at *6 (E.D.N.Y. Dec. 7, 2011). The one-year period begins to run the date the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review or the date on which the factual predicate of the claim(s) presented could have been discovered through the use of due diligence. 28 U.S.C. § 2244(d)(1)(A), (D). The one-year limitations period is subject to equitable tolling only upon a showing that the petitioner has been pursuing his rights diligently and extraordinary circumstances existed preventing a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal citations omitted).

When a claim has been adjudicated on the merits in a state court proceeding, a prisoner seeking habeas relief must establish that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (d)(2); *see Cousin v. Bennett*, 511 F.3d 334, 337 (2d Cir. 2008). A state court's findings of fact are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see Nelson v. Walker*, 121 F.3d 828, 833 (2d Cir. 1997).

## II. Magistrate Judge's Report and Recommendation

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)

3

(quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (internal quotation marks omitted); *accord Feehan v. Feehan*, No. 09-CV-7016(DAB), 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## DISCUSSION

Respondents move to dismiss the petition on the basis that it was filed untimely beyond the one-year limitation. Petitioner opposes on the basis that he is entitled to the equitable tolling of the limitation period. Equitable tolling is applicable upon a showing that a petitioner pursued his rights diligently and extraordinary circumstances existed which prevented a timely filing. *Holland v. Florida*, 560 U.S. at 649.

Following his conviction, Petitioner's appellate counsel, upon a review of the record, filed an *Anders* brief, wherein he asserted that any appeal from the judgment of conviction would be frivolous. The state's intermediate appellate court issued a decision on December 11, 2013, agreeing with appellate counsel. Petitioner did not seek leave to appeal his conviction to the New York State Court of Appeals, the state's highest court. In accordance with the foregoing and as noted by MJ Smith in the R&R, Petitioner's judgment of conviction became final on or about January 10, 2014, after the expiration of the 30-day period to seek leave. *See* N.Y. Crim. Proc. Law § 460.10(5)(a); *Bethea v. Girdich,* 293 F.3d 577, 578 (2d Cir. 2002).

Petitioner filed the instant petition for a writ of habeas corpus on February 22, 2018. Petitioner's sole basis for challenging his conviction is ineffective assistance of appellate counsel. Petitioner waited more than four years after his judgment of conviction became final

4

before filing a collateral attack on the conviction. Respondents' motion seeks dismissal of the petition as untimely, because it was filed beyond the one-year limitation. Though Petitioner asserts that he is entitled to equitable tolling, such that his petition would be timely, he has failed to demonstrate that he pursued his rights diligently and that extraordinary circumstances existed which prevented a timely filing. *Holland v. Florida,* 560 U.S. at 649. Thus, his petition must be deemed untimely. In accordance with MJ Smith's R&R, Respondent's motion is granted and the petition is dismissed.

## CONCLUSION

For the reasons referenced above, the Court adopts MJ Smith's R&R in its entirety. Respondent's motion to dismiss is GRANTED in accordance with the R&R and the Petition is DISMISSED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 9, close the case, mail a copy of this opinion to Petitioner at his last known address, and show proof of service on the docket.

Dated: September 12, 2019　　　　　　　　　　　　　　SO ORDERED:
　　　　White Plains, New York

　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　HON. NELSON S. ROMÁN
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District, S.D.N.Y.